UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT THURSTON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 06-12852

Honorable Patrick J. Duggan

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 11, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Robert Thurston ("Plaintiff") applied for Social Security Disability Insurance Benefits on December 27, 2002, alleging disability since March 15, 2002, due to carpal tunnel syndrome and joint pain. The Social Security Administration denied Plaintiff benefits. A de novo hearing was held on October 24, 2005, before an Administrative Law Judge ("ALJ").

Following the hearing, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ determined that Plaintiff's condition prevented him from doing jobs that require any more than occasional climbing, balancing, stooping, kneeling,

crouching, and crawling. (Tr. 17). In addition, the ALJ found that Plaintiff was unable to work in extreme cold, use vibrating tools, and perform power gripping. (Tr. 17). Based on these findings, the ALJ determined that although Plaintiff was unable to perform to his past relevant work as a toolmaker, there were jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 21). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (*See* Tr. 5-7).

On June 28, 2006, Plaintiff sought judicial review of the Commissioner's final decision in this Court pursuant to 42 U.S.C. § 405(g). On January 25, 2007, Plaintiff filed his Motion for Summary Judgment, and on March 13, 2007, the Commissioner of Social Security ("Defendant") filed its Motion for Summary Judgment. This Court previously referred all non-dispositive motions and the issuance of a report and recommendation to Magistrate Judge Donald A. Scheer in an Order dated June 28, 2006.

On April 24, 2007, Magistrate Judge Scheer filed his Report and Recommendation ("R&R") recommending that this Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment. At the conclusion of the R&R, Magistrate Judge Scheer advises the parties that they may object and seek review of the R&R within ten days of service upon them. (R&R at 8). The R&R also advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* (citing *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v.*

2

*Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)).[1]

Neither party filed objections to the R&R.

The Court has carefully reviewed the R&R and concurs with Magistrate Judge Scheer's conclusion that Defendant's Motion for Summary Judgment should be granted and that Plaintiff's Motion for Summary Judgment should be denied.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**.

                                               s/PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copies to:
Patricia Anderson-Green, Esq.
James A. Brunson, AUSA
Magistrate Judge Donald A. Scheer

---

[1] The Sixth Circuit in *United States v. Walters* held that a party waives his or her right to appeal by failing to file objections to a magistrate judge's report and recommendation within ten days, provided the magistrate judge notified the parties that failure to file objections constitutes a waiver of appeal. 638 F.2d 957, 949-50 (6th Cir. 1981). The power to impose such an administrative rule was affirmed by the Supreme Court in *Thomas v. Arn*, 474 U.S. 140, 105 S. Ct. 466 (1985). *See also Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Because Magistrate Judge Scheer notified the parties that failure to file objections would constitute a waiver of their right to appeal and Plaintiff failed to file any objections to the R&R, Plaintiff has waived his right to appeal.